### COLLINS v. JEWELL.

(Superior Court of New York City, General Term. April 4, 1893.)

DEATH OF PARTY—REVIVAL OF ACTION—CONDITIONS.

Where a cause of action has survived plaintiff's death, and no reasons are shown why her executor should not be allowed to continue the action, a condition for his doing so, other than giving security for costs, should not be imposed.

Appeal from special term.

Action originally brought by Maria L. Collins against James A. Jewell. Plaintiff having died, one John Collins applied for leave to continue the action in his name, as executor. From an order that the motion be granted on condition that within 10 days the applicant pay into court $250, to be applied to the payment of costs, or, at his election, file an undertaking to pay on demand the defendant his costs, not exceeding $250, the applicant appeals. Reversed.

Argued before SEDGWICK and GILDERSLEEVE, JJ.

A. M. Card, for appellant.

Thomas E. Stewart, for respondent.

SEDGWICK, J. The cause of action stated in the complaint has survived the death of the plaintiff. It is not an equitable action. It is one at common law. Whether motions of this kind must be granted rests in the discretion of the court, when certain facts are shown. The facts of this case do not justify the denial of the motion. That the cause of action may seem unmeritorious is not of weight on the motion. That is to be determined by a trial. That the action has been for many years delayed to the time of death of plaintiff, on the 7th January, 1892, cannot be considered. The defendant could, if the delay were not justified, have procured a dismissal of the action. No effects from this delay could reach the executor. The delay of the executor is not great, and has not been shown to be injurious to defendant. This being the case, I do not think the application should have been denied, except upon condition of security for costs. No reasons having been shown why the executor should not be allowed to continue the action, a condition of his doing so should not have been imposed.

Order reversed, and motion below granted, with costs of appeals.